# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD C. HUGHES, | CASE NO. 1:09-cv-02249-SKO PC |
| Plaintiff, | ORDER RE MOTIONS |
| v. | (Docs. 5, 6, 10, 13 14, 19) |
| CITY OF MARIPOSA, et al., | |
| Defendants. / | |

Plaintiff Bernard C. Hughes ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are six motions from Plaintiff. Plaintiff has consented to jurisdiction by U.S. Magistrate Judge. (Doc. #4.)

**I.** **Discussion**

    **A.** **Plaintiff's January 13, 2010 Motion Request to Amend the First Informational Order**

On January 13, 2010, Plaintiff filed a "Motion to Ammend[sic] First Informational Order/Declaration of Petitioner." (Doc. #5.) Plaintiff requests "relief" from the Court's First Informational Order, which informed Plaintiff that documents submitted to the Court must be single-sided. Plaintiff complains that he is forced to write on "the backside of printed materials from criminal trial[sic]" and cannot comply with the Court's order. Plaintiff is advised that his filings will be accepted so long as he is not writing on both sides and that it is clear which side of the paper Plaintiff is using and which side should be ignored by the Court.

///

1     Plaintiff has also informed the Court that he is "unable to serve your order re consent or
2 request for reassignment. Due to no copy services," and that Plaintiff is "not allowed access to
3 Federal Rules Civil Procedure or Local Rules." However, Plaintiff has not requested any type of
4 specific relief from the Court. Thus, there appears to be no issue for the Court to rule upon, other
5 than Plaintiff's request that the Court accept his filings written on the backside of printed materials
6 from Plaintiff's criminal trial. Plaintiff's motion to "amend" the First Informational Order will be
7 denied. However, as explained above, Plaintiff's may file documents using the backside of his trial
8 papers so long as Plaintiff makes it clear which side of the paper is relevant to this action.

9     **B.**     **Plaintiff's January 13, 2010 Request for Clarification**

10     Plaintiff has filed a second motion requesting clarification of the Court's First Informational
11 Order. (Doc. #6.) Plaintiff asks the Court whether it is appropriate to cite to both the Americans
12 with Disabilities Act ("A.D.A.") and 42 U.S.C. § 1983 in the same action. Plaintiff appears to have
13 interpreted the Court's First Informational Order as prohibiting Plaintiff from citing both statutes in
14 the same action. Plaintiff is advised that he may raise claims under both statutes in a single action
15 if his claims are sufficiently related. However, if the claims are not related and are against different
16 Defendants, Plaintiff may not raise them in the same lawsuit.

17     Plaintiff is further advised that it is his responsibility to conduct the necessary legal research
18 to pursue this action, and that it is not appropriate for the Court to provide him with legal advice.

19     **C.**     **Plaintiff's February 2, 2010 Motion for Reconsideration**

20     On February 2, 2010, Plaintiff filed a motion requesting reconsideration of the Court's
21 January 22, 2010 order denying Plaintiff's request for appointment of counsel. (Doc. #13.) Pursuant
22 to Local Rule 230(j), Plaintiff must set forth the material facts and circumstances justifying
23 reconsideration, including "what new or different facts or circumstances are claimed to exist which
24 did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."
25 Plaintiff's motion does not contain a persuasive demonstration of any grounds that would justify
26 reconsideration. Thus, Plaintiff's request for reconsideration will be denied.

27     **D.**     **Plaintiff's Motions for Preliminary Injunction/Temporary Restraining Order**

28     On January 13, 2010, Plaintiff filed a motion requesting a temporary restraining order and/or

a preliminary injunction. (Doc. #10.) Plaintiff complains that he is being denied access to the law library and to legal materials. Plaintiff makes various complaints about the conditions in the jail where he is being housed. Plaintiff requests an order "requiring Defendants to arrange book study, and legal materials . . . private psychological consultations face to face and private by a psychiatrist without eavsdropping[sic] capabilities . . . and for a preliminary injunction requiring the defendants to carry out plan for private mental health treatments. . . ."

On February 2, 2010, Plaintiff filed a "Request for Special Master Appointment and Court Order for Compliance to Sixth Amendment." (Doc. #14.) Plaintiff requests "emergency provisions" including the appointment of a "special master" to submit a proposal to the Court regarding the provision of a special facility for prisoners to use to consult privately with their attorneys. Plaintiff requests that the special accommodations be "sufficiently soundproofed" so that conversations cannot be overheard.

On February 2, 2010, Plaintiff filed another motion for a temporary restraining order and a preliminary injunction. Plaintiff seeks "emergency protections" to prohibit Plaintiff from going to trial. Plaintiff again complains about the lack of "confidential attorney/client room[s]." Plaintiff states that he "will accept any remidial[sic] action from this court."

The purpose of a preliminary injunction/temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S. Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by

evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

Plaintiff fails to set forth facts that justify the extraordinary relief that he seeks. Plaintiff has presented no evidence to establish that he is likely to succeed on the merits of his case. Plaintiff merely asserts that he is likely to succeed on the merits of this case without providing any meaningful support for his argument.

Further, the Court notes that the balance of equities does not favor Plaintiff. Plaintiff is seeking preliminary injunctive relief in this Court to balance the equities in Plaintiff's state court criminal proceeding. From the Court's reading of Plaintiff's motions, Plaintiff is currently incarcerated in jail pending his state court criminal trial. Plaintiff claims that the accommodations in jail interfere with Plaintiff's Sixth Amendment right to an attorney in his criminal trial because Plaintiff believes that jail officials are eavesdropping on Plaintiff's conversations with his attorney. Notably, Plaintiff has not provided the court with a declaration from his attorney to support his claim that he and counsel cannot communicate in a confidential setting.

Plaintiff claims that he will suffer irreparable harm in the form of prejudice in his criminal trial because Plaintiff is unable to communicate with his attorney in a confidential setting. Since Plaintiff is seeking to balance the equities in his state court proceeding, Plaintiff should seek preliminary injunctive relief from the state court. The relief that Plaintiff is seeking has little bearing on the balance of equities in this action. To the extent that Plaintiff is likely to suffer irreparable harm in the form of prejudice in his state court criminal trial, the Court finds that the issue is more appropriately addressed in state court.

## II.     Conclusion and Order

The Court has provided Plaintiff with clarification of the contents of the Court's First

Informational Order. Plaintiff has been advised that the Court will accept Plaintiff's filings that are written on the backside of Plaintiff's trial documents so long as it is clear to the Court what side Plaintiff is using for the purpose of litigating this action. Plaintiff has also been advised that he is permitted to cite to Section 1983 and the A.D.A. in the same action. However, Plaintiff has not demonstrated that any grounds exist for reconsideration of the Court's denial of Plaintiff's request for appointment of counsel. Finally, the Court finds that Plaintiff is not entitled to a preliminary injunction/temporary restraining order.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend the First Informational order is DENIED;
2. Plaintiff's motion for "clarification" is Granted. Plaintiff has been informed that the First Informational Order does not prohibit citing to both Section 1983 and the A.D.A. in the same lawsuit;
3. Plaintiff's motion for reconsideration is DENIED; and
4. Plaintiff's motions for preliminary injunctive relief/temporary restraining order is DENIED.

IT IS SO ORDERED.

**Dated:   June 20, 2010**         /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE