# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD C. HUGHES, | 1:09-cv-02249-GSA-PC |
| Plaintiff, | <u>SCREENING ORDER</u> |
| v. | ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND CLAIM FOR DEPRIVATION OF OUTDOOR EXERCISE |
| CITY OF MARIPOSA, et al., | (Doc. 39.) |
| Defendants. | ORDER DISMISSING ALL REMAINING CLAIMS FOR FAILURE TO STATE A CLAIM, WITHOUT LEAVE TO AMEND |
| / | THIRTY DAY DEADLINE TO FILE THIRD AMENDED COMPLAINT AS INSTRUCTED BY THIS ORDER |

**I.   RELEVANT PROCEDURAL HISTORY**

Bernard C. Hughes ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On January 13, 2010, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 4.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

1

1    Plaintiff filed the Complaint commencing this action on December 29, 2009. (Doc. 1.) On
2 February 17, 2010, Plaintiff filed the First Amended Complaint. (Doc. 25.) The Court screened the
3 First Amended Complaint pursuant to 28 U.S.C. 1915A and entered an order on October 22, 2010,
4 dismissing the First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 29.)
5 On January 21, 2011, Plaintiff filed the Second Amended Complaint, which is now before the Court
6 for screening. (Doc. 39.)

## II. SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "[P]laintiffs [now] face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

## III. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at the Deuel Vocational Institution in Tracy, California. The events at issue occurred at the Mariposa County Jail in Mariposa, California, when Plaintiff was detained there as a pretrial detainee. Plaintiff names as defendants Susan Brent (Jail Commander) and Ron Beverage (Jailer).

1    Plaintiff alleges as follows in the Second Amended Complaint. On January 30, 2009,
2 defendant Beverage started his shift by conducting a count. Defendant Beverage confiscated an
3 allowed periodical from Plaintiff, which Plaintiff had received by mail. Plaintiff did not know
4 defendant Beverage had confiscated his periodical until five hours later. Plaintiff activated the
5 intercom system and asked for the periodical to be returned to him. Officer Beverage said, "No."
6 During another count, Plaintiff asked defendant Beverage why his property was taken, and defendant
7 Beverage replied, "It is contraband," and closed the section door.

8    Plaintiff had an emotional outburst and threw a small plastic garbage can at the closing door
9 of his jail unit. Defendant Beverage falsified a report, stating that Plaintiff attempted to assault him
10 with the garbage can. Plaintiff was found guilty of attempted assault at a disciplinary hearing.
11 Subsequently, an isolation period was assessed, and a classification review was conducted. Plaintiff
12 was not allowed to attend or receive documentation of the classification review, or to attend the
13 subsequent ninety-day review, as Plaintiff requested of defendant Brent.

14    Defendant Brent authorized Plaintiff's disciplinary isolation for forty-five consecutive days,
15 without a review by the Facility Manager or health care staff, or documentation of a review, as
16 required by Title 15 Procedures Re Minimum Guidelines for Jail Detention Facilities. During the
17 forty-five day isolation period, Plaintiff was not allowed any outdoor recreational activity.

18    Plaintiff brings claims under the First Amendment, the Due Process Clause, and for cruel and
19 unusual punishment. Plaintiff requests monetary damages, injunctive relief, and attorney fees.

20 **IV.    PLAINTIFF'S CLAIMS**

21    The Civil Rights Act under which this action was filed provides:

22    Every person who, under color of [state law] . . . subjects, or causes
   to be subjected, any citizen of the United States . . . to the deprivation
23    of any rights, privileges, or immunities secured by the Constitution .
   . . shall be liable to the party injured in an action at law, suit in equity,
24    or other proper proceeding for redress.

25 42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal
26 Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)
27 (internal quotations omitted). "To the extent that the violation of a state law amounts to the
28 ///

deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Personal Participation and Supervisory Liability

Plaintiff names as defendant Susan Brent, who holds a supervisory position as Jail Commander of the Mariposa County Detention Facility. Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, No. 09-55233, 2011 WL 477094, at *4-5 (9th Cir. Feb. 11, 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Therefore, to the extent that Plaintiff seeks to impose liability upon either of the defendants in their supervisory capacity, Plaintiff fails to state a claim.

### B. Due Process - Jail Discipline

"[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Bell v. Wolfish, 441 U.S. 520, 535, 99 S.Ct. 1861 (1979). However, "pretrial detainees may be subjected to a disciplinary segregation [if they were afforded] a due process hearing to determine whether they have in fact violated any rule." Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996).

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself

4

or from state law.  Id.  Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995).  Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

The elements of due process in a prison disciplinary hearing have long been established by Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974).  Mitchell, 75 F.3d at 525.  The minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.  Wolff , 418 U.S. at 563-71.  As long as the five minimum Wolff requirements are met, due process has been satisfied.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

With regard to Plaintiff's disciplinary hearing, Plaintiff fails to state a due process claim because he has not alleged facts demonstrating that the five minimum Wolff requirements were not met.  Plaintiff has not alleged that he was not given proper notice of the charges or notice of the hearing, that he did not receive a written statement of the evidence relied upon, that he was not permitted to call witnesses, or that he was not given legal assistance, pursuant to Wolff.  With regard to Plaintiff's classification hearing and subsequent ninety-day review, Plaintiff has not established that he was deprived of any protected interest as a result of the hearing or review.

With regard to Plaintiff's allegations that defendants did not comply with requirements of Title 15 Procedures Re Minimum Guidelines for Jail Detention Facilities, Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983.  To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976).

Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

Based on the foregoing, Plaintiff fails to state a cognizable claim for violation of his rights to due process.

### D. Conditions of Confinement

Plaintiff brings a claim for "cruel and unusual punishment" based on his detention in isolation for forty-five days. (First Amended Complaint, Doc. 39, ¶II.C.) While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Simmons Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010); Conn v. City of Reno, 591 F.3d 1081, 1094 (9th Cir. 2010); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost, 152 F.3d at 1128. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. at 731.

Plaintiff fails to allege any facts demonstrating that the conditions in isolation, except for the deprivation of outdoor exercise discussed below, were sufficiently grave to rise to the level of an

///

1  Eighth Amendment violation, or that any defendant knew of and disregarded a substantial risk of
2  serious harm to Plaintiff.

3      **C.**    **Deprivation of Outdoor Exercise**

4  "[P]re-adjudication detainees retain greater liberty protections than convicted ones." Jones
5  v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted).  As a pretrial detainee, Plaintiff is
6  protected from conditions of confinement which amount to punishment.  Bell, 441 U.S. at 535-36;
7  Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1244.  As stated above, pretrial detainees'
8  rights are protected under the Due Process Clause of the Fourteenth Amendment, and Eighth
9  Amendment standards have long been used to analyze pretrial detainees' conditions of confinement
10 claims.  Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Conn, 591 F.3d at 1094; Frost,
11 152 F.3d at 1128.  To state a claim, Plaintiff must allege facts demonstrating that prison officials
12 knew of and disregarded a substantial risk of serious harm to Plaintiff.  E.g., Farmer, 511 U.S. at
13 847; Frost, 152 F.3d at 1128.

14     Inmates have a constitutional right to outdoor exercise under the Eighth Amendment.
15 Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010).  "'[S]ome form of regular outdoor
16 exercise is extremely important to the psychological and physical well being of the inmates.'"  Allen
17 v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995) (quoting Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.
18 1979)).  Thus, "[the] deprivation of outdoor exercise [can] constitute cruel and unusual punishment."
19 Allen, 48 F.3d at 1087.  While the temporary denial of outdoor exercise with no medical effects is
20 not a substantial deprivation, May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997), in this Circuit, the
21 deprivation of regular outdoor exercise for a prolonged period, is unquestionably sufficient to meet
22 the objective requirement of the Eighth Amendment analysis.  Lopez v. Smith, 203 F.3d 1122, 1132-
23 33 (9th Cir. 2000) (denial of all outdoor exercise for six weeks meets objective Eighth Amendment
24 requirement); Allen, 48 F.3d at 1086-88 (forty-five minutes of outdoor exercise per week for six
25 weeks meets objective Eighth Amendment requirement).  Regular outdoor exercise is necessary
26 "unless inclement weather, unusual circumstances, or disciplinary needs ma[k]e that impossible.
27 Spain, 600 F. 2d at 199.
28 ///

It appears that Plaintiff may be able to state a claim for deprivation of exercise. Denial of outdoor exercise for forty-five consecutive days is sufficiently serious to satisfy the objective component of Plaintiff's due process claim. Thomas, 611 F.3d at 1151-52. However, Plaintiff has not met the subjective requirement of his claim, because he has not alleged deliberate indifference by either of the defendants. To state a cognizable claim, Plaintiff must also allege facts demonstrating that a named defendant knew of and disregarded a substantial risk of serious harm to Plaintiff. Plaintiff shall be granted leave to amend this claim.

### E.   Deprivation of Personal Property

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. Bodde, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

1  Plaintiff alleges that defendant Beverage improperly confiscated an allowed periodical from
2  Plaintiff, which indicates that the deprivation of property was intentional and unauthorized. Thus,
3  Plaintiff's remedy would be found under California law. Plaintiff fails to show compliance with the
4  California Tort Claims Act, and therefore his property claim is not cognizable under federal or state
5  law.

### F. First Amendment - Free Speech

"[T]he First Amendment right of free speech applies within prison walls." Valdez v. Rosenbaum, 302 F.3d 1039 (9th Cir. 2002). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89, 107 S.ct. 2254, 2262 (1987). To determine whether a jail's policy is "'reasonably related to legitimate penological interests,' and therefore valid, [the court] must consider four factors: (1) whether there is a valid, rational connection between the policy and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right; (3) whether the impact of accommodating the asserted constitutional right will have a significant negative impact on prison resources generally; and (4) whether the policy is an 'exaggerated response' to the jail's concerns." Mauro v. Arpaio, 188 F.3d 1054, 1058 (9th Cir. 1999) (citing see Turner, 482 U.S. at 89-90; Casey v. Lewis, 4 F.3d 1516, 1520 (9th Cir. 1993)).

Plaintiff alleges that defendant Beverage took a periodical away from Plaintiff. However, Plaintiff has not alleged that there is no valid, rational connection between the jail's policy and the legitimate governmental interest put forward to justify it, or that Plaintiff did not have other means of exercising his right. Therefore, Plaintiff fails to state a claim under the First Amendment.

### G. Claims for Injunctive Relief and Attorney Fees

Plaintiff requests injunctive relief via an order requiring defendant Brent to initiate proper classification procedures at Mariposa County Jail. Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than

9

necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Moreover, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). The events at issue in this action allegedly occurred at the Mariposa County Jail, and Plaintiff is no longer housed there. Based on the nature of the claims at issue in this action, Plaintiff is not entitled to injunctive relief and is therefore confined to seeking money damages for the violations of his federal rights.

With regard to attorney fees, "In any action or proceeding to enforce a provision of section[] 1983 . . . , the court, in its discretion, may allow the prevailing party . . . reasonable attorney's fees . . . ." 42 U.S.C. § 1988(b). Plaintiff's contention that he is entitled to attorney's fees if he prevails is without merit. Plaintiff is representing himself in this action. Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails. Gonzales v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987).

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's Second Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. The Court previously dismissed the First Amended Complaint and granted Plaintiff an opportunity to amend, with detailed guidance by the Court. It appears that Plaintiff may be able to state a claim for deprivation of outdoor exercise, and therefore Plaintiff shall be granted leave to amend this claim. However, it appears that Plaintiff is incapable of curing the deficiencies outlined in the Court's screening order as to Plaintiff's other claims, and further leave to amend those claims shall not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" The Court will provide Plaintiff with time to file an amended complaint, amending only his claim for deprivation of outdoor exercise. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir.2000). Plaintiff is granted leave to file a Third Amended Complaint within thirty days.

1    The amended complaint should be brief, but must state what each named defendant did that
2 led to the deprivation of Plaintiff's constitutional rights to outdoor exercise. Fed. R. Civ. P. 8(a);
3 Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. There is no respondeat superior liability, and
4 each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49. Plaintiff
5 must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949
6 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally*
7 participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

8    Plaintiff should also note that although he has been given the opportunity to amend, it is not
9 for the purposes of adding unrelated claims. In addition, Plaintiff should take care to include only
10 those claims for which he has exhausted his administrative remedies.

11    Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be
12 complete in itself without reference to any prior pleading. As a general rule, an amended complaint
13 supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an
14 amended complaint is filed, the original complaint no longer serves any function in the case.
15 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
16 of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly
17 titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed
18 under penalty of perjury.

19    Based on the foregoing, IT IS HEREBY ORDERED that:

20    1.    The Second Amended Complaint is DISMISSED for failure to state a claim upon
21          which relief may be granted under section 1983;
22    2.    Plaintiff is GRANTED leave to file a Third Amended Complaint, amending only his
23          claim for deprivation of outdoor exercise;
24    3.    All of Plaintiff's remaining claims are DISMISSED from this action without leave
25          to amend;
26    4.    Plaintiff's claims for violation of Free Speech under the First Amendment, for
27          confiscation of personal property (a periodical), for adverse conditions of
28          confinement based on his detention in isolation, for violation of due process with

respect to his disciplinary and classification hearings, and for injunctive relief and attorney fees, are DISMISSED from this action for failure to state a claim, without leave to amend;

5. The Clerk shall send Plaintiff a civil rights complaint form;

6. Within thirty days, Plaintiff shall file a Third Amended Complaint amending only his claim for deprivation of outdoor exercise;

7. Plaintiff shall entitle the amended complaint "Third Amended Complaint" and refer to case number 1:09-cv-02249-GSA-PC; and

8. Plaintiff's failure to comply with this order shall result in the dismissal of this action in its entirety, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 26, 2011**           /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE