1
2
3
4
5
6
7                    **UNITED STATES DISTRICT COURT**

8                        EASTERN DISTRICT OF CALIFORNIA

9

10  BERNARD C. HUGHES,                          1:09-cv-02249-LJO-GSA-PC

11              Plaintiff,                      FINDINGS AND RECOMMENDATIONS,
                                                RECOMMENDING THAT DEFENDANTS'
12      v.                                      MOTION TO DISMISS FOR FAILURE TO
                                                EXHAUST BE GRANTED
13  CITY OF MARIPOSA, et al.,                   (Doc. 53.)

14              Defendants.                     OBJECTIONS, IF ANY, DUE IN **THIRTY (30)**
                                                **DAYS**
15

16  _____/

17  **I.      BACKGROUND**

18          Bernard C. Hughes ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

19  in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing

20  this action on December 29, 2009.  (Doc. 1.)  This case now proceeds on Plaintiff's Third Amended

21  Complaint, filed on November 28, 2011, against defendants Lieutenant Susan Brent, Sergeant Robert

22  Bruner, and Deputy Sheriff Ron Beverage  (collectively "Defendants") for deprivation of outdoor

23  exercise in violation of the Eighth Amendment.  (Doc. 49.)

24          On February 24, 2012, Defendants filed a motion to dismiss for failure to exhaust

25  administrative remedies.  (Doc. 53.)  On March 19, 2012, Plaintiff filed an opposition to the motion.[1]

26  _____

27      [1]Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on
    December 22, 2011 and August 23, 2012.  Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) Wyatt v. Terhune, 315
28  F.3d 1108, 1120 n.14 (9th Cir. 2003); Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).  (Docs. 52-1, 60.)  On August
    23, 2012, the Court granted Plaintiff the opportunity to file an amended opposition to Defendants' motion within
    thirty days, but Plaintiff did not do so.  (Doc. 59.)

                                                    1

1  (Doc. 55.)  On March 23, 2012, Defendants filed a reply to Plaintiff's opposition.  (Doc. 56.)

2  Defendants' motion to dismiss is now before the Court.

3  **II.    PLAINTIFF'S ALLEGATIONS**

4         Plaintiff is a state prisoner presently incarcerated at Kern Valley State Prison in Delano,

5  California.  The events at issue in this action allegedly occurred at the Mariposa County Jail in

6  Mariposa, California, when Plaintiff was detained there as a pretrial detainee.  Plaintiff names as

7  defendants Lieutenant Susan Brent, Sergeant Robert Bruner, and Deputy Sheriff Ron Beverage.

8         Plaintiff alleges as follows in the Third Amended Complaint.  Defendant Beverage falsified

9  a disciplinary report against Plaintiff, resulting in Plaintiff's isolation for forty-five days.  After ten

10  days, Plaintiff asked defendant Beverage for access to the exercise yard, and Beverage stated, "No."

11  3ACP, Doc. 49 at 4 ¶IV.  Plaintiff handed a grievance to Beverage, for processing, concerning the

12  denial of his request for outdoor exercise.  Five days later, Plaintiff asked Beverage what happened

13  to his appeal.  Beverage said it went to the same place as Plaintiff's confiscated property, referring

14  to when Beverage confiscated Plaintiff's personal property and threw it in the trash on January 30,

15  2009.

16         Plaintiff then spoke to defendant Bruner, defendant Beverage's immediate supervisor, about

17  his appeal and yard privileges.  Bruner told Plaintiff he would speak to his supervisor, defendant

18  Brent.  A week later, Plaintiff asked defendant Bruner for access to the yard, which Bruner denied.

19  When Plaintiff asked about his appeal, Bruner informed him that according to Lt. Brent, it was too

20  late to appeal defendant Beverage's action because five days had expired.  Plaintiff stated that he was

21  grieving his deprivation of exercise on the yard, not defendant Beverage's action, and Bruner replied,

22  "Same thing."  3ACP at 5.

23         Defendant Brent authorized Plaintiff's disciplinary isolation for forty-five consecutive days

24  without access to exercise.  Plaintiff was not given a review by health care staff or documentation

25  of a review, as required under Title 15.

26         Both defendants Beverage and Bruner later sought early retirement after illegal conduct while

27  working as officers at the jail.

28         Plaintiff requests "any relief [the] Court deems necessary."  3ACP at 4 ¶5.

1    **III.    MOTION TO DISMISS FOR FAILURE TO EXHAUST**

2         **A.    Statutory Exhaustion Requirement**

3         Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o

4    action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other

5    Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

6    administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are

7    required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S.

8    199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.

9    2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the

10   relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the

11   exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S.

12   516, 532, 122 S.Ct. 983 (2002).

13        Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

14   defense under which Defendants have the burden of raising and proving the absence of exhaustion.

15   Jones, 549 U.S. at 216; Wyatt, 315 F.3d at 1119.  The failure to exhaust nonjudicial administrative

16   remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a

17   summary judgment motion.  Wyatt at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's

18   Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure

19   to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed

20   issues of fact.  Wyatt at 1119-20.  If the Court concludes that the prisoner has failed to exhaust

21   administrative remedies, the proper remedy is dismissal without prejudice.  Id.

22        The Court takes judicial notice of the fact that the Mariposa County Adult Detention Facility

23   ("MCADF") has an administrative grievance system for inmate complaints.  Cal.Code Regs., tit. 15

24   § 1073(a); MCADF Jail Policies and Procedures § 500.40.  The process is initiated by presenting the

25   grievance verbally to a jail officer prior to the actual filing of a written grievance, in order to attempt

26   to resolve the problem.  MCADF Jail Policies and Procedures § 500.40(I)(A).  If the officer hearing

27   the initial grievance is unable to resolve the problem, the inmate is given an Inmate Grievance Form.

28   Id. at § 500.40(I)(B).  The inmate has five days after the occurrence of a specific incident to file the

1   Grievance Form, which is forwarded to the Jail Lieutenant, who assigns the grievance to a Jail

2   Sergeant to conduct an investigation and report the findings. Id. at § 500.40(I)(C)-(E),(II)(A).  The

3   inmate may appeal the findings to a Jail Lieutenant within five days of receipt by completing a

4   Grievance Appeal Request. Id. at § 500.40(II)(B),(C).  A written reply shall be given to the inmate

5   within ten working days, which completes the process. Id. at § 500.40(III)(D),(E).  In order to satisfy

6   § 1997e(a), Mariposa County Jail inmates are required to use this process to exhaust their claims

7   prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d. at 1199-1201.

8   ### B.   Defendants' Motion

9   Defendants argue that this action should be dismissed because Plaintiff failed to exhaust the

10   MCADF's administrative appeals process regarding his claims against Defendants.  Defendants

11   assert that Plaintiff submitted five written inmate grievances in 2009, but none of those written

12   grievances concerned, or even mentioned, yard and/or outdoor exercise.  (Declaration of Rich Parrish

13   ("Parrish Decl."), Doc. 53-5 ¶¶7-9, Exhs. C-G; Declaration of Susan Brent ("Brent Decl.") Doc. 53-2

14   ¶5, Exh. A.) Defendants argue that Plaintiff had knowledge of the inmate grievance procedure, knew

15   of the necessity for a written grievance form, and had every opportunity to pursue the appropriate

16   grievance procedure, as shown by the mere fact that he filed five grievances in 2009 alone.

17   Defendants assert that Plaintiff did file a written grievance following the January 30, 2009 altercation

18   at issue, but that grievance did not mention yard and/or exercise time.  (Declaration of Robert

19   Bruner, Doc. 53-4 ¶¶5-6.)  Defendants assert that Plaintiff's allegations in the Third Amended

20   Complaint, that he handed defendant Beverage a written grievance which Beverage later told him

21   he had thrown in the trash, are false.  (Declaration of Ron Beverage ("Beverage Decl."), Doc. 53-3

22   ¶¶6-10; Bruner Decl. ¶¶7-9; Brent Decl. ¶¶6-7.)  Defendants argue that Plaintiff's case should be

23   dismissed with prejudice, because at this juncture it is not possible for Plaintiff to timely exhaust his

24   remedies, and therefore his failure to exhaust is a fatal defect.

25   ### C.   Plaintiff's Opposition

26   The Court looks to Plaintiff's opposition filed on March 19, 2012, and Plaintiff's four

27   complaints filed on December 29, 2009, February 17, 2010, January 21, 2011, and November 28,

28

4

1   2011.[2]  (Docs. 1, 25, 39, 49, 55.)

2           Following the January 30, 2009 incident, Plaintiff was placed in disciplinary isolation for

3   forty-five days, without access to exercise. (Complaint, Doc. 1 at 8 ¶50; Third Amd Cmp, Doc. 49

4   at 5.)  Plaintiff declares under penalty of perjury that he verbally requested access to yard exercise

5   from defendants Beverage and Bruner, which was denied, and that Beverage gave Plaintiff a

6   Grievance Form ("Exercise Grievance") which he submitted to Beverage. (Id. ¶¶4, 5.)  About a

7   week later, Plaintiff inquired about his Exercise Grievance, and Beverage told Plaintiff his Exercise

8   Grievance "is in the same place his TV guide is," making reference to throwing it in the garbage.

9   (Id. ¶6; Third Amd Cmp, Doc. 49 at 3 ¶II.C, 4 ¶4.)  Plaintiff then submitted a verbal and written

10  Grievance ("Grievance #2") "to Beverage's supervisor, defendant Bruner, regarding Beverage's

11  actions in throwing away the Exercise Grievance. (Hughes Decl. ¶7.)  Defendant Bruner rejected

12  Grievance#2 as untimely under § 500.40, because it was not submitted within five days of the

13  incident, and Plaintiff was not given a copy of the rejected appeal. (Id. ¶¶7-11).  Plaintiff admits that

14  that Grievance #2 was filed 7-10 days after the incident, but he claims he was unaware of the five-

15  day deadline. (Id. ¶¶13, 20.)  He maintains that the Jail Policy and Procedures in the Orientation

16  Packet are "ambiguous" with respect to the five-day deadline, and he asserts that Orientation Packets

17  are not handed out at booking, not kept in the cells, and are rarely available in the housing units or

18  dorms. (Id. ¶¶13, 17, Exh. B.)  Conversely, Plaintiff asserts that every unit in the jail has an

19  orientation Rulebook available, but that there is no mention of a five-day deadline to file Grievances.

20  (Complaint, Doc. 1 at 20 ¶109.)

21          Approximately a week later, Plaintiff again asked Sgt. Bruner for access to the exercise yard,

22  which Bruner again denied. (Third Amd Cmp at 5.)  Plaintiff asked Bruner about his "grievance."

23  Id.  Bruner informed Plaintiff that "according to Lt. Brent, it's too late to appeal defendant

24  Beverage's actions," as 5 days had expired.  Id.  Plaintiff told Bruner that he was appealing his lack

25  of access to the yard, not against defendant Beverage, to which Bruner replied, "Same thing." (Id.)

26

27          [2]In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond
    the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20.  Plaintiff signed his opposition and his
28  four complaints under penalty of perjury.  (Doc. 1 at 4; Doc. 25 at 3; Doc. 39 at 4; Doc. 49 at 4; Doc. 55 at 7.)
    Therefore, Plaintiff's opposition to the motion to dismiss is based on the evidence in his verified opposition, and his
    four verified complaints and their accompanying exhibits.  (Docs. 1, 25, 39, 49, 55.)

Plaintiff asserts that he sought leave to file a late claim against defendant Beverage, but the claim was rejected. (Hughes Decl. ¶23, Exh. I.)

Plaintiff contends that Defendants' declarations in support of their motion should be viewed by the Court with skepticism, alleging that defendant Bruner was found guilty of policy and ethics violation and immediately retired, and that defendant Beverage sought immediate retirement after being accused of sexual harassment.

### D.   <u>Discussion</u>

Plaintiff's complaint against defendants Brent, Bruner, and Beverage now proceeds on Plaintiff's allegations that Plaintiff was denied access to outdoor exercise while in segregation for forty-five days following an altercation on January 30, 2009. It is Defendants' burden to demonstrate that Plaintiff failed to exhaust his administrative remedies prior to filing suit on December 29, 2009, with respect to the outdoor exercise claims against Defendants. Defendants have submitted a copy of the MCDF Grievance Log for 2009, which shows that in 2009, Plaintiff submitted five written Grievances, log numbers 2009-01, 2009-2, 2009-3, 2009-17, and 2009-18, which the Court has examined. (Parrish Decl., Doc. 53-5, Exh. C.) Grievance 2009-01, submitted on or about January 13, 2009, concerned Plaintiff's access to telephones and did not mention yard or exercise time. (Id. ¶8(a); Exh. D.) Grievance 2009-2, submitted on or about January 30, 2009, concerned the January 30, 2009 incident described in Plaintiff's complaint and did not mention yard or exercise time. (Id. ¶8(b); Exh. E.) Grievance 2009-3, submitted on or about March 1, 2009, concerned Plaintiff's access to certain items of evidence and did not mention yard or exercise time. (Id. ¶8(c); Exh. F.) Grievance 2009-17, submitted on or about December 8, 2009, was rejected as untimely and was not completed. (Id. ¶8(d); Exh. C.) Grievance 2009-18, submitted on or about December 10, 2009, concerned Plaintiff's right to access to the courts and did not mention yard or exercise time. (Id. ¶8(e); Exh. G.)

By this evidence, Defendants have met their burden of showing that Plaintiff failed to exhaust his remedies with respect to the allegations and claims upon which this action proceeds. However, the mere absence of exhaustion does not entitle Defendants to dismissal of this action. See <u>Brown v. Valoff</u>, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further

1   levels of review once he has either received all 'available' remedies at an intermediate level or has
2   been reliably informed by an administrator that no remedies are available").  As discussed above,
3   § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [42
4   U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other
5   correctional facility until such administrative remedies *as are available* are exhausted."  42 U.S.C.
6   § 1997e(a) (emphasis added).  The question here is whether Plaintiff exhausted all of the remedies
7   that were made available to him.

8       Plaintiff declares under penalty of perjury that he submitted a timely written Grievance
9   ("Exercise Grievance") concerning denial of access to outdoor exercise to defendant Beverage, and
10  about a week later when Plaintiff inquired about the Exercise Grievance, defendant Beverage
11  indicated he had thrown it in the garbage.  (Hughes Decl., Doc. 55 ¶¶4-6; Third Amd Cmp, Doc. 49
12  at 3 ¶II.C, 4 ¶4.)  By then, the five-day deadline to submit the written Exercise Grievance had
13  expired.  (MCADF Jail Policies and Procedures § 500.40(I)(C)).   Plaintiff declares that he then
14  submitted a verbal and written Grievance ("Grievance #2") to Beverage's supervisor, defendant
15  Bruner, regarding Beverage's actions in throwing away the Yard-Exercise Grievance, but his
16  Grievance #2 was rejected as untimely under § 500.40, because it was not submitted within five days
17  of the incident, and Plaintiff was not given a copy of the rejected Grievance #2.  (Hughes Decl. ¶¶7-
18  11).

19      The timeliness of Plaintiff's Grievances is not at issue here, so it is not relevant whether
20  Plaintiff knew about the five-day deadline. The issue is whether defendant Beverage caused the
21  grievance process to be unavailable to Plaintiff by throwing Plaintiff's Exercise Grievance in the
22  garbage.  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court
23  may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.
24  Here, the parties dispute whether Plaintiff gave an Exercise Grievance to defendant Beverage and
25  whether Beverage threw it away.  Plaintiff's evidence consists of Plaintiff's verified opposition and
26  complaints, discussed above.  Defendants' evidence includes declarations by defendants Susan
27  Brent, Ron Beverage, and Robert Bruner.  (Docs. 53-2, 53-3, 63.)
28  ///

### *Susan Brent's Declaration*

Defendant Susan Brent, Jail Lieutenant and Custodian of Records at MCADF, declares under penalty of perjury that she is familiar with Plaintiff and was personally involved in many of his complaints, concerns, and inmate grievances during his time at MCADF. (Brent Decl., Doc. 53-2 ¶¶1,2.) In 2009, Brent personally maintained the Inmate Grievance Log for that entire year. (Id. ¶5.) During Plaintiff's time at MCADF, Brent had extensive verbal and written communications with Plaintiff, receiving handwritten notes from Plaintiff on almost a daily basis. (Id. ¶6.) Brent does not recall Plaintiff ever asking her for yard and/or exercise time or ever expressing any concerns about not being provided yard and/or exercise time. (Id.) Brent declares that she was never given a written grievance by Plaintiff regarding lack of yard and/or outdoor exercise time, and Plaintiff never informed her that any written grievance had been destroyed or thrown away by a jail officer. (Id. ¶¶6, 7.)

### *Ron Beverage's Declaration*

Defendant Ron Beverage, Jail Officer at MCADF, declares under penalty of perjury that he is readily familiar with Plaintiff and had extensive contact with him while he was housed at MCADF. (Beverage Decl., Doc. 53-3 ¶¶1,3.) Beverage was on duty at MCADF on January 30, 2009, when there was a minor incident between Plaintiff and Beverage, which escalated to the point of Plaintiff throwing a trash can at Beverage, and Plaintiff was placed in "disciplinary lock-down" for several days as a result of the incident. (Id. ¶6.) Beverage had little to no direct contact with Plaintiff after January 30, 2009, and does not recall Plaintiff ever asking him for yard and/or exercise time. (Id. ¶¶7, 8.) Beverage declares that Plaintiff did not present him with any written grievances following the January 30, 2009 incident, and Beverage never threw any written grievance presented to him by Plaintiff, or any other inmate, in the trash. (Id. ¶¶9, 10.)

### *Robert Bruner's Declaration*

Defendant Robert Bruner, Jail Sergeant at MCADF, declares under penalty of perjury that he is readily familiar with Plaintiff and had extensive contact with him while he was housed at MCADF. (Bruner Decl., Doc. 63 ¶¶1,3.) Bruner is aware of the January 30, 2009 incident between Plaintiff and defendant Beverage, and the disciplinary action taken against Plaintiff which resulted

  
1   in him being placed in "disciplinary lock-down." (Id. ¶5.) Following the January 30, 2009 incident,

2   Bruner does not recall Plaintiff ever asking him for yard and/or exercise time.  (Id. ¶6.)  Bruner

3   declares that following the January 30, 2009 incident, Plaintiff never informed him that he had

4   presented a written grievance to Jail Officer Beverage, nor did Plaintiff ever inform Bruner that Jail

5   Officer Beverage had thrown away his written grievance.  (Id. ¶8.)  Bruner declares that following

6   the January 30, 2009 incident, Plaintiff did not present him with any verbal or written grievances

7   regarding yard and/or exercise time.  (Id. ¶9.)

8           The Court finds Defendants' evidence to be more persuasive than Plaintiff's evidence.

9   Plaintiff's evidence consists only of his own declarations, contained in his complaints and in his

10  opposition to the motion to dismiss.  Plaintiff has not submitted any documentation or witness

11  declarations in support of his assertions that he requested outdoor exercise, that he submitted a

12  written Exercise Grievance, or that defendant Beverage threw the Exercise Grievance in the trash.

13  While Plaintiff claims that he also filed another Grievance ("Grievance #2"), he has not submitted

14  any evidence to support this fact, such as a copy of Grievance #2 or testimony from a witness.  In

15  contrast, Defendants have submitted declarations of defendants Beverage, Bruner, and Brent, officers

16  at MCADF who declare they had extensive contact with Plaintiff during the time he was detained

17  there, and none of them recalls Plaintiff ever making a verbal or written request for outdoor exercise

18  following the January 30, 2009 incident.  Defendants also submitted an authenticated copy of

19  MCADF's official Inmate Grievance Log from 2009, which contains no evidence of the Exercise

20  Grievance or Grievance #2 Plaintiff claims he submitted.  Plaintiff attempts to impeach Defendants'

21  testimonial evidence by alleging that defendant Bruner was found guilty of policy and ethics

22  violations and that defendant Beverage was accused of sexual harassment.  Such evidence is not

23  admissible here for this purpose.  Fed. R. Evid. 608.

24          Based on the evidence before the Court, the Court finds that Defendants have met their

25  burden of demonstrating that Plaintiff failed to exhaust his administrative remedies, and Plaintiff has

26  not demonstrated that he exhausted all of the remedies available to him.  Therefore, Defendants are

27  entitled to dismissal of this action.

28  ///

1    Defendants argue that this action should be dismissed with prejudice, because at this juncture

2    it is not possible for Plaintiff to timely exhaust his remedies, and therefore his failure to exhaust is

3    a fatal defect.  The Ninth Circuit has held that "the failure to exhaust nonjudicial remedies that are

4    not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated

5    Rule 12(b) motion rather than a motion for summary judgment."  Wyatt 315 F.3d at 1119.

6    Recognizing that "dismissal of an action on the ground of failure to exhaust administrative remedies

7    is not on the merits," the Wyatt Court held that "[i]f the district court concludes that the prisoner has

8    not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."

9    Id. at 1119-20 (internal citations omitted).   Therefore, this action should be dismissed without

10   prejudice.

11   **IV.    CONCLUSION AND RECOMMENDATION**

12       The Court finds that Defendants have met their burden of demonstrating that Plaintiff failed

13   to exhaust his administrative remedies prior to filing suit, in compliance with § 1997e(a).

14   Defendants' evidence shows that Plaintiff failed to exhaust his remedies by an inmate Grievance

15   pursuant to Title 15 of the California Code of Regulations § 1073(a) and § 500.40 of the MCADF

16   Jail Policies and Procedures manual, concerning Plaintiff's allegations in the complaint against

17   Defendants in this action.  Plaintiff has not shown that he exhausted all the remedies available to

18   him.  Therefore, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed on

19   February 24, 2012, be GRANTED, dismissing this action without prejudice.

20       These Findings and Recommendations will be submitted to the United States District Court

21   Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1).  Within thirty (30)

22   days after being served with a copy of these Findings and Recommendations, any party may file

23   written objections with the Court and serve a copy on all parties.  Such a document should be

24   captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

25   objections shall be served and filed within ten days after service of the objections. The parties are

26   ///

27   ///

28   ///

advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


      IT IS SO ORDERED.

      **Dated:  December 20, 2012**          **/s/ Gary S. Austin**

                                        **UNITED STATES MAGISTRATE JUDGE**